**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| CARL AYLEN, d/b/a THE CAMBRIDGE DON, | : : : | CIVIL ACTION NO. 15-2265 (MLC) |
| Plaintiff, | : : | **MEMORANDUM OPINION** |
| v. | : : : | |
| VOLUNTEERS OF AMERICA CHESAPEAKE, INC., | : : : | |
| Defendant. | : : | |

**THE COURT** ordered the parties to show cause why this action for breach of contract should not be transferred to the United States District Court for the District of Maryland. (See dkt. 9.) The parties have filed their responses; the defendant is in favor of a transfer, whereas the plaintiff is opposed. (See dkt. 10, Pl. Br.; dkt. 11, Def. Br. with exhibits (including the declaration of the defendant's chief executive officer at dkt. 11-5); dkt. 12, Pl. Certification; dkt. 13, Def. Letter.) The Court assumes that the parties are familiar with the venue issues set forth in the Order to Show Cause and will not repeat them here.

**THE COURT** intends to transfer this action to the District of Maryland, pursuant to the broad discretion afforded under 28 U.S.C. § 1404(a). See Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995). It is true that the plaintiff is a New

Jersey citizen who has retained New Jersey counsel, but those two factors do not outweigh the many uncontested factors weighing in favor of a transfer to the District of Maryland.  See In re Christian, 403 Fed.Appx. 651, 652 (3d Cir. 2010) (denying mandamus petition to compel Pennsylvania district court to vacate order transferring case to Virginia district court, because (1) not all of the defendants resided in Pennsylvania, and (2) substantial part of events at issue arose in Virginia); Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973) (stating convenience of plaintiff's counsel is not a consideration as to issue of proper venue); Hoffer v. InfoSpace.com, Inc., 102 F.Supp.2d 556, 573 (D.N.J. 2000) (stating New Jersey plaintiff's "choice of forum . . . is simply a preference; it is not a right"); see Nat'l Prop. Investors VIII v. Shell Oil Co., 917 F.Supp. 324, 327 (D.N.J. 1995) (stating plaintiff's venue choice is not dispositive, and is entitled to less deference "when the central facts of a lawsuit occur outside of the chosen forum").

  **THE PLAINTIFF** did not present his business operations as being located in New Jersey.  The defendant contacted the plaintiff at, and sent payment for the plaintiff's services to, an Illinois address provided by the plaintiff himself.  (See dkt. 11 at 7 & 19; see also dkt. 1-2 (reflecting plaintiff's bills sent from Chicago address with Chicago phone number thereon).)  As a result, any argument that the defendant should have expected that a potential dispute could result in litigation in New Jersey is of little merit.

  **THE DEFENDANT** is deemed to be a Maryland citizen, and has its principal place of business within the area served by the District of Maryland.  (See dkt. 1.)

Furthermore, the defendant is a Maryland nonprofit organization that: (1) provides charitable services in Maryland, Virginia, and the District of Columbia, and provides no services in New Jersey; (2) owns no New Jersey property; (3) has no New Jersey employees; and (4) is not licensed to do business in New Jersey.  (See dkt. 11 at 7; dkt. 11-5 at 2.)

      **THE PLAINTIFF** alleges that he has not been paid for services that provided benefits to the defendant within and near the District of Maryland.  (See dkt. 1-2 at 2 (billing defendant at its Maryland address).)  Indeed, the defendant contracted with the plaintiff in about 2009 to create Internet postings for jobs that were available in only the Maryland region, and the plaintiff continued to do so for five or six years thereafter.  (See dkt. 12 at 2.)

      **THE PLAINTIFF** traveled to Maryland on approximately five occasions for reasons related to the work for the defendant, such as "defin[ing] the scope of work".  (Dkt. 12 at 2–3; see dkt. 10 at 6 & 10.)  But the defendant's employees never traveled to New Jersey to meet with the plaintiff.  (See dkt. 11 at 8.)

      **THE PLAINTIFF** describes himself as the proprietor of a business.  (See dkt. 12 at 1.)  A review of his business website reveals that he: (1) has an impressive educational and professional background; and (2) provides job-search services that are advanced and complex.  See www.thecambridgedon.com (forwarding to www.talentchaser.com).  It is apparent that the plaintiff is a sophisticated party.  Thus, he cannot be excused for failing to negotiate over the span of at least five years with a nonprofit-organization defendant

3

for a New Jersey forum clause that would apply to any potential litigation between the parties.  (See dkt. 11 at 7.)

**THE DEFENDANT** specifically asserts that the "[e]mployees in [its] finance and accounts payable unit can testify as to [whether the plaintiff was paid] and present documentary proofs relating to . . . payment" and that "[a]ll of [those] witnesses . . . are located in [the Maryland] geographic region and none are in New Jersey." (Dkt. 11-5 at 3.)  Furthermore, the defendant's employees maintain the records and files concerning the services provided by the plaintiff in Maryland.  (See dkt. 11 at 12.)  The convenience of those who are employed by the defendant Maryland nonprofit organization outweighs the convenience of one New Jersey businessman plaintiff.

**MARYLAND LAW** will most likely control this dispute, because — as discussed at length above — the services at issue were provided to a Maryland defendant enjoying the benefits of those services in Maryland.

**THE COURT** also notes that recent governmental statistics reveal that the docket for the District of New Jersey is more congested than the docket for the District of Maryland, thereby providing further reason for this action to proceed in the District of Maryland.  See www.uscourts.gov/statistics-reports; see also Caldis v. Starbucks Coffee Co., No. 14–1394, 2014 WL 2571557, at *4 (D.N.J. June 9, 2014) (transferring action to Maryland because, inter alia, civil cases can get to trial faster in District of Maryland than in District of New Jersey); Hardaway Constructors v. Conesco Indus., 583 F.Supp. 617, 621–22 (D.N.J. 1983) (transferring action to Maryland because, inter alia, "the workload

4

[in the District of New Jersey] is heavier", and "weighted filings" for complex cases illustrate "Maryland's lighter docket").

**FOR GOOD CAUSE APPEARING**, the Court will issue an appropriate order transferring this action.[1]

                                                                                                                                                         s/ Mary L. Cooper
                                                               **MARY L. COOPER**
                                                               United States District Judge

**Dated:** June 29, 2015

---

[1] The plaintiff's heavy reliance on Bachmann Software & Servs. v. Intouch Grp., No. 08-2025, 2008 WL 2875680 (D.N.J. July 22, 2008), is misplaced. (See dkt. 10 at 9–11 & 15–16.) It is a report and recommendation from a Magistrate Judge, not an opinion from a District Court Judge. See Bachmann Software & Servs., 2008 WL 2875680, at *1, *17. In addition, the claims at issue therein were settled and dismissed before the District Court Judge had the opportunity to screen that report and recommendation for adoption, rejection, or modification, and thus it has little precedential value. See D.N.J. No. 08-2025, dkt. 30, 9-10-08 Settlement Order.